UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARLENE GOINS,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2700** |
| **JAZZ CASINO COMPANY, LLC,**<br>    **Defendant** | **SECTION: "E" (5)** |

## ORDER AND REASONS

Before the Court is a motion to remand by Plaintiff Marlene Goins.[1]

## BACKGROUND

This personal injury action arises from a slip-and-fall that allegedly occurred in a Harrah's New Orleans Casino restroom on July 7, 2019.[2] On April 22, 2020, the injured casino guest, Plaintiff Marlene Goins, filed suit against the casino's owner, Defendant Jazz Casino Company, LLC, in the Civil District Court for the Parish of Orleans.[3] On October 2, 2020, Defendant removed the action to this Court.[4] On May 27, 2021, Plaintiff filed a motion to remand.[5]

## LAW AND ANALYSIS

Subject matter jurisdiction in this case is premised on diversity of citizenship. Federal courts are courts of limited jurisdiction and possess only the authority conferred upon them by the U.S. Constitution or by Congress.[6] Therefore, the Court has an "independent obligation to determine whether subject-matter jurisdiction exists, even in

---

[1] R. Doc. 13.
[2] R. Doc. 1-2 at ¶ IV.
[3] R. Doc. 1-2.
[4] R. Doc. 1.
[5] R. Doc. 13. The motion is unopposed.
[6] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. Feb. 28, 2001).

1

the absence of a challenge from any party."[7] Federal law allows for state civil suits to be removed to federal courts in certain instances. Generally, removal jurisdiction is governed by 28 U.S.C. § 1441(a), which provides:

> Except as otherwise expressly provided by [an] Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.[8]

"The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."[9] When removal is based on federal diversity jurisdiction, the removing party must show that (1) complete diversity of citizenship exists between the parties, and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[10] Diversity of citizenship is not in dispute.

Because Louisiana law prohibits state-court plaintiffs from claiming a specific amount of damages,[11] the removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeds the $75,000.00 jurisdictional amount at the time of removal.[12]  The removing defendant may meet its burden by offering "summary-judgment type evidence" of facts in controversy, which support a finding that the requisite amount is in controversy.[13]

---

[7] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).
[8] 28 U.S.C. § 1441(a).
[9] *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[10] *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).
[11] *See* LA. CODE CIV. PROC. art. 893.
[12] *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).
[13] *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003); *see also Simon*, 193 F.3d at 850; *Luckett*, 171 F.3d at 298.

In her motion to remand, Plaintiff stipulates the damages are no more than $75,000.00.[14] She attaches an affidavit waiving "her right to receive or obtain any monies in excess of the $75,000.00."[15] In an e-mail to the Court, Defendant's counsel confirmed that Defendant does not oppose Plaintiff's Motion to Remand.[16] Accordingly, the Court finds it lacks diversity jurisdiction.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand is **GRANTED**.[17] This matter is **REMANDED** to the Civil District Court for the Parish of Orleans, Louisiana.

**New Orleans, Louisiana, this 2nd day of June, 2021.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[14] R. Doc. 13 at 5.
[15] R. Doc. 13-2.
[16] E-Mail from George C. Drennan, Counsel for Defendant, to the Court (June 1, 2021, 16:09 CST) (on file with the Court).
[17] R. Doc. 7.